IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Ervin Wilson, Jr., a/k/a John Wilson, a/k/a John E. Wilson, ) | CIVIL ACTION NO. 9:13-3495-RMG-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION\** |
| Deputy Warden Willie Davis and Catherine James, Institutional Grievance Coordinator, ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, housed at the Lee Correctional Institution, alleges violations of his constitutional rights by the named Defendants.

Plaintiff alleges in his Complaint, inter alia, that he has been placed in the "Super Max Unit" as retaliation for filing grievances, Request to Staff forms, and civil lawsuits. Contemporaneously with the filing of the Complaint, Plaintiff filed a motion for a preliminary injunction, seeking an order from this Court compelling the Defendants to take him out of "Super Max" and place him into a one man cell. See Court Docket No. 2. On January 23, 2014, Plaintiff's motion to proceed in forma pauperis was granted, and an Order authorizing service of process was entered. Summons were issued on January 23, 2014, and the Defendants' responsive pleading has not yet been filed.



1

With respect to Plaintiff's request for preliminary injunctive relief, such relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), cert. granted, judgment vacated on other grounds by, Real Truth About Obama, Inc. v. Federal Election Com'n, 130 S.Ct. 2371 (2010); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)). In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be satisfied. The Real Truth About Obama, Inc., 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief". The Real Truth About Obama, Inc., 575 F.3d at 346, (citing Winter, 555 U.S. at 19-22).

Plaintiff has failed to show entitlement to injunctive relief through his motion filed with the Court. The Court cannot issue an injunction based solely on the claims in Plaintiff's motion, which Plaintiff will be able to fully litigate and have resolved in his underlying action. Plaintiff has demonstrated neither the clear likelihood of irreparable harm to him if the injunction is not granted, nor has he demonstrated a clear likelihood that he will succeed on the merits sufficient to justify the issuance of an injunction. The Real Truth About Obama, Inc., 575 F.3d at 346-347. Additionally, the issuance of an injunction such is being sought by the Plaintiff would undermine

prison officials' ability to effectively manage prisons and maintain order and discipline. Cf. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994)[Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; Joe v. Ozmint, No. 08-585, 2008 WL 5076858, * 3-4 (D.S.C. 2008). Finally, the public interest weighs in favor of policies which encourage security in prisons. Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006); see Winter, 555 U.S. at 20 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

Therefore, as Plaintiff has failed to meet the standard for issuance of a preliminary injunction, it is recommended[1] that his motion be **denied**.

The parties are also referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 4, 2014
Charleston, South Carolina

---

[1] A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A). See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).

3

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).