IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Ervin Wilson, Jr., #295493,<br><br>Plaintiff,<br><br>v.<br><br>Deputy Warden Willie Davis; and<br>Catherine James, Institutional<br>Grievance Coordinator,<br><br>Defendants. | No: 9:13-cv-3495-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 14), recommending that this Court deny Plaintiff's motion for preliminary injunctive relief (Dkt. No. 2). For the reasons set forth below, the Court agrees with and adopts the R&R as the Order of the Court.

**Background**

Plaintiff, John Ervin Wilson, Jr., a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Plaintiff alleges that he has been placed in the "Super Max" unit as an act of retaliation for filing grievances, request to staff forms, and civil lawsuits. (Dkt. No. 1). Plaintiff seeks a preliminary injunction from being held in "Super Max" and requests that he be placed in a one man cell. (Dkt. No. 2). The Magistrate Judge recommended that this Court deny the motion for preliminary injunction because Plaintiff has failed to establish the four *Winter* factors. (Dkt. No. 14). Plaintiff has not filed an objection to the R&R.

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

A preliminary injunction is an extraordinary remedy that will not be granted unless there is a clear showing of entitlement to relief. *See Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013). A Plaintiff seeking a preliminary injunction must establish that 1) he will likely succeed on the merits, 2) he is likely to suffer irreparable harm in the absence of such relief, 3) the balance of equities tips in his favor, and 4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When considering whether to impose a preliminary injunction a court must separately consider each of these factors. *Pashby*, 709 F.3d at 320–21.

## Discussion

After reviewing Plaintiff's motion and the R & R, the Court finds that the Magistrate Judge applied the correct law to the operative facts. The Court agrees with the Magistrate Judge that Plaintiff has not established any of the *Winter* factors. In particular, Plaintiff's concern about the mere possibility of irreparable harm is not enough to award relief. *Winter*, 555 U.S. at 8 (finding the "possibility" standard too lenient). And the equities do not weigh in favor of the Court intervening on questions of prison administration on the conclusory record before it. *See Taylor v. Freeman*, 34 F.3d 266, 269–70 (4th Cir. 1994).

Therefore, the Court **ADOPTS** the Magistrate Judge's R&R (Dkt. No. 14) as an Order of the Court. Accordingly, Plaintiff's motion for a preliminary injunction (Dkt. No. 2) is **DENIED**.

**AND IT IS SO ORDERED**

Richard Mark Gergel
United States District Court Judge

March 27, 2014
Charleston, South Carolina

3