# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| John Ervin Wilson, Jr., ) | |
| ) | No. 9:13-cv-3495-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Deputy Warden Willie Davis and Catherine ) | |
| James, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 29), recommending that Defendants' Motion for Summary Judgment (Dkt. No. 24) be granted in part and denied in part. For the reasons stated below, the Court adopts the R & R as an order of this Court.

## Background[1]

In his verified Complaint, Plaintiff alleges that Defendant Davis, Deputy Warden of the Lee Correctional Institution, placed Plaintiff in the "Super Max" unit in retaliation for engaging in activity protected by the First Amendment. In particular, Plaintiff has produced evidence that he filed grievances and was involved in litigation regarding prison conditions and helped or advised other prisoners on litigation matters and filing grievances. Plaintiff also alleges that Defendant James, the prison Grievance Coordinator, violated his First Amendment rights by

---

[1] The R & R contains a detailed section regarding the facts of the case and the evidence in the record. (Dkt. No. 29). Because the Court adopts the R & R, it does not recite all of these details here but provides a brief summary.

-2-

failing to file and process his grievances. Plaintiff seeks monetary damages and that both Defendants be terminated.

The Magistrate Judge recommended granting summary judgment as to the claims against Defendant James and as to Plaintiff's request that Defendant Davis be terminated. (Dkt. No. 29). However, the Magistrate recommended that the Court deny summary judgment as to Plaintiff's Section 1983 claim against Defendant Davis for monetary damages. Defendants filed a timely objection to the R & R. (Dkt. No. 36). Plaintiff did not file any objections to the R & R, but did reply to the Defendants' objections. (Dkt. No. 41).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)).

However, as to portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections, the Court need not give any explanation for adopting the

Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

### A. Recommendations to which there were no objections.

Plaintiff does not object to the R & R's recommendation of granting summary judgment as to the claims against Defendant James. After reviewing the record, the Court finds that the Magistrate Judge applied the appropriate law to the operative facts and adopts the R & R as to these claims. Similarly, the Plaintiff does not object to the Magistrate Judge's recommendation that the Plaintiff's request that the Defendants be terminated is without merit and should be dismissed. The Court agrees and dismisses this claim for relief.

### B. Section 1983 Claim against Defendant Davis

To establish a retaliation claim, Plaintiff must show: "(1) his speech was protected; (2) the defendants' alleged retaliatory action adversely affected his constitutionally protected speech; and (3) a causal relationship exists between the his speech and the defendants' retaliatory action." *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685–86 (4th Cir.2000). Defendant does not object to the Magistrate Judge's finding that Plaintiff's involvement in litigation, filing grievances and/or helping other inmates file grievances is protected activity. (*See* Dkt. No. 36). Defendant objects that (1) Plaintiff has put forward no evidence of causality because the declarations of other inmates are inadmissible hearsay and (2) Plaintiff has not put forward evidence that his transfer to Super Max adversely affected his protected speech. (*Id.*). The Court addresses each in turn.

### 1. Declarations of Other Inmates

Plaintiff put forward affidavits by other inmates who testify that they heard prison guards state Defendant Davis did not like Plaintiff's "paperwork" and litigation activity and heard guards tell Plaintiff that Davis placed him in Super Max because of his continuous complaints about the conditions of his confinement. Defendants did not file a reply brief or otherwise object to this testimony before the Magistrate Judge; thus, the Magistrate Judge considered the testimony. Defendant Davis now claims on objection to the R & R that this testimony is inadmissible hearsay, which should not be considered. (Dkt. No. 36 at 1-3). Defendant admits that Davis's statements themselves are not hearsay but contend that it is hearsay when the prison guards relate Davis' statements. Despite the argument not being raised before the Magistrate, the Court must consider the argument here. *See United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate.").

First, the statements are not necessarily hearsay. Rule 801(d)(2)(D) provides that a statement "made by a party's agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay. This rule is applicable when the defendant is an individual as well as when the defendant is an entity. In particular, if an individual "has supervisory or day-to-day directive authority over other employees, their statements should be admissible against him." Christopher Mueller & Laird Kirkpatrick, Federal Evidence § 8:54 (4th ed. 2014); *see also Martha Graham Sch. and Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 380 F.3d 624, 644 (2d. Cir. 2004) (list created by defendant's assistant admissible under Rule 801(d)(2)(D) against individual defendant); *United States v. Agne*, 214 F.3d 47, 54-

-4-

55 (1st. Cir. 2000) ("[I]f the factors which normally make up an agency relationship are present, the evidence should not be excluded simply because the statement is offered against a corporate officer, rather than the corporation."); *Lippay v. Christos,* 996 F.2d 1490, 1498 (3d. Cir. 1993) ("[A]n agency relationship is established only where the party-opponent personally directed the declarant's work on a continuing basis.") (internal quotations omitted); *United States v. Paxon,* 861 F.3d 730, 734 (D.C. Cir. 1988) (statements by vice president admissible under Rule 801(d)(2)(D) against president, personally).

The agency relationship is based on the notion that "the person against whom a statement is offered has responsibility and authority actually to supervise or direct." Christopher Mueller & Laird Kirkpatrick, Federal Evidence § 8:54 (4th ed. 2014). There are multiple ways to establish such an agency, including "evidence that the declarant is directly responsible to the defendant," "that the declarant was hired by the defendant and worked on matters in which the defendant was actively involved," or that defendant directed the declarant's work. *Agne,* 214 F.3d at 55. While agency may be shown by a declarant that directly reports to defendant, a declarant may still be an agent or employee if there are intermediate supervisors between the declarant and the defendant. *See United States v. Rioux,* 97 F.3d 648, 660 (2d. Cir. 1996) (held that declarants were Sheriff's agents even though Sheriff did not control the daily tasks of the declarants because the declarants were ultimately "answerable and directly responsible to" Sheriff).

The exact relationship between the declarants and Defendant Davis is not clear on the record before the Court. However, construing all inferences in favor of Plaintiff, it is likely the prison guards at issue are the agents of Deputy Warden of the institution, making the statements admissible under Rule 801(d)(2)(D). *See Hoptowit v. Ray,* 682 F.2d 1237, 1262 n.10 (9th Cir. 1982) (holding that, in a § 1983 action against individual officials in the state corrections system,

Rule 801(d)(2)(D) applied to testimony of inmates concerning statements made by guards), *abrogated on other grounds by Sandin v. O'Connor*, 515 U.S. 472 (1995). Thus, the Court considers the declarations for the purposes of summary judgment.[2]

Furthermore, these contested declarations are not the only evidence of retaliation submitted by Plaintiff. Plaintiff has established a timeline of repeated grievances and complaints leading up to the transfer to Super Max. Plaintiff has also submitted testimony that officers have threatened to punish him for his actions. (Dkt. No. 1-2 at 1). This evidence along with the inmate declarations create an issue of fact as to whether a causal relationship exists between Plaintiff's protected activities and the transfer to Super Max.

B. Whether Retaliatory Action Adversely Affected Plaintiff's Protected Activities

Defendant also objects that Plaintiff has not offered evidence that he was unable to file grievances or litigation when transferred to Super Max and that, therefore, he has not produced evidence that the transfer "adversely affected his constitutionally protected activities." (Dkt. No. 36 at 4). However, whether a plaintiff's constitutionally protected activities were adversely affected does not depend on "the actual effect of the retaliatory conduct on a particular plaintiff." *Constantine v. Rectors and Visitors of George Mason Un.*, 411 F.3d 474, 500 (4th Cir. 2005). The Fourth Circuit has rejected such a subjective standard because it "would expose public officials to liability in some cases, but not in others, for the very same conduct, depending upon the plaintiff's will to fight." *Id.*

---

[2] The Court agrees with Defendant that some of the statements made in these declarations are pure speculation and that the declarants lack personal knowledge for these statements. (*See, e.g.*, Dkt. No. 1-2 at 1 ("It is my firm belief that John Wilson is be [sic] punished for teaching inmates they're rights.")). The Court does not consider such statements in ruling on Defendant's motion.

Instead, the Fourth Circuit employs an objective test: "for purposes of a First Amendment retaliation claim under § 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." *Id.*; *see also McFadden v. Lewis*, 517 F. App'x 149, 150 (4th Cir. 2013) ("The prisoner need not succumb entirely or even partially to the threat; it is sufficient that the retaliation was intended to limit the prisoner's right of access to the court and was reasonably calculated to have that effect.") (internal quotes omitted). Placement in Super Max would have a chilling effect on an inmate's exercise of his First Amendment rights. *See Smith v. Berlin*, No. 3:12–cv–7358, 2014 WL 4929468 at *18 (S.D. Wa. Sept. 30, 2014) ("Undoubtedly, placement in isolation would have a chilling effect on an inmate's exercise of his right to access the courts and would cause more than de minimis inconvenience."). Therefore, the Court finds that Plaintiff has created an issue of fact as to this element of retaliation.

## Conclusion

For the reasons stated above, th Court adopts the R & R (Dkt. No. 29) as an order of this Court. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 24) is GRANTED IN PART AND DENIED IN PART. The motion is granted as to the claims against Defendant James, and she is dismissed from this action. The motion is also granted as to Plaintiff's request for relief that Defendant Davis be terminated. The motion is denied as to Plaintiff's retaliation claim against Defendant Davis.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

December /0, 2014
Charleston, South Carolina